**U.S. BANKRUPTCY COURT**

**District of South Carolina**

Case Number:  **10-04254-dd**

## ORDER DENYING APPROVAL OF REAFFIRMATION AGREEMENT

The relief set forth on the following pages, for a total of 4 pages including this page, is hereby ORDERED.

**FILED BY THE COURT**
**08/09/2010**



Entered: 08/10/2010

David R. Duncan
US Bankruptcy Judge
District of South Carolina

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| IN RE: | C/A No. 10-04254-DD |
| Ricky Nolan Watson and Rhonda Lynne Watson, | Chapter 7 |
| Debtor(s). | **ORDER DENYING APPROVAL OF REAFFIRMATION AGREEMENT** |

THIS MATTER is before the Court on PNC Mortgage's ("PNC") Reaffirmation Agreement with Ricky Nolan Watson and Rhonda Lynne Watson ("Debtors"). The Reaffirmation Agreement was filed by PNC on July 21, 2010. A hearing was conducted concerning the reaffirmation agreement. PNC failed to appear at the hearing. Debtors appearing *pro se* sought approval of the reaffirmation agreement. The Court has jurisdiction over this matter under 28 U.S.C. §§ 157(b) and 1334(a) and (b). The Court makes the following Findings of Fact and Conclusions of Law pursuant to Fed. R. Civ. P. 52 made applicable to this proceeding by Fed. R. Bankr. P. 7052 and 9014.

### *FINDINGS OF FACT*

Debtors filed their voluntary petition pursuant to chapter 7 of the Bankruptcy Code on June 15, 2010. Debtors owe PNC on a note secured by a first mortgage on their residence located at 111 Crayford Road, Irmo, South Carolina. Debtors' Schedule I, Current Income of Individual Debtors, reflects that Mr. Watson is retired from the United States Air Force and currently unemployed. Schedule I shows that Debtors' monthly take home pay is $3,647.95. Debtors' Schedule J, Current Expenditures of Individual Debtors, lists their average monthly expenses as $3,644.00. Together Schedules I and J demonstrate that the Debtors' monthly net income is $3.95.

A hearing was held on August 3, 2010.  Debtors stated at the hearing that they were current on their payments with PNC and were current at the time of filing for chapter 7 relief.  PNC did not appear at the hearing.  Reaffirmation agreements of debts secured by real estate, when the debtors are current with the payments are not in Debtors' best interest.

### CONCLUSIONS OF LAW

An individual chapter 7 debtor receives a discharge from all debts save those specified in 11 U.S.C. § 727(a)[1], those within the scope of § 523(a), and those subject to agreement for reaffirmation pursuant to § 524(c).  Exceptions to discharge are narrowly construed.  *See In re McNallen*, 62 F.3d 619, 625 (4th Cir. 1995).  The Bankruptcy Code has always permitted only those reaffirmation agreements that do not impose an undue hardship on the debtor or a dependant of the debtor.  The Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("2005 Amendments") amended the Bankruptcy Code and extensively revised those provisions relating to reaffirmation of a debt.  A separate provision of the 2005 Amendments now deals with a debtor's options for property used as collateral for debts.

Debtors who are current with payments on debts secured by real property are not limited to the options of surrender, reaffirmation, or redemption found in § 521(a)(2), but may also choose to continue with the payments and retain possession of the property.  This option, commonly known as "ride-through," was embraced by a number of federal judicial circuits, prior to the enactment of the 2005 Amendments and applied to both real and personal property.  *See, e.g., Home Owners Funding Corp. v. Belanger (In re Belanger)*, 962 F.2d 345, 347 (4th Cir. 1992); *In re Price*, 370 F.3d 362, 379 (3d Cir.

---

[1] Further reference to the Bankruptcy Code, 11 U.S.C. § 101 *et seq.*, will be by section number only.

2004); *McClellan Fed. Credit Union v. Parker (In re Parker)*, 139 F.3d 668, 673 (9th Cir.

1988); *Capital Comm. Fed. Credit Union v. Boodrow (In re Boodrow)*, 126 F.3d 43, 51

(2d Cir. 1997); *Lowry Fed. Credit Union v. West*, 882 F.2d 1543, 1547 (10th Cir. 1989).

This Court has previously confirmed the viability of the "ride-through" option for

debts secured by real property. *In re Waller*, 394 B.R. 111, 113 (Bankr. D.S.C. 2008)

(citing *In re Wilson*, 372 B.R. 816, 820 (Bankr. D.S.C. 2007)). The changes imposed by

the 2005 Amendments only apply to debts secured by personal property. *Id.* The

relevant language of § 521(a)(2)(C) provides that "nothing in subparagraphs (A) and (B)

of this paragraph shall alter the debtor's or the trustee's rights with regard to such

property under this title, except as provided in section 362(h)." 11 U.S.C. § 521(a)(2)(C).

Section 362(h) employs limiting language that terminates the automatic stay as to

*personal property* when the debtor fails to state an intention to surrender, reaffirm, or

does not perform the stated intention within a prescribed period. *Wilson*, 372 B.R. at 818.

As noted in *Waller*, the plain language of §§ 521(a)(2)(C) and 362(h) limits the

application of those sections to a debtor's rights with regard to personal property. *Waller*,

394 B.R. at 113-14.

In this case, because Debtors can retain the real property through the use of the

"ride-through" the Reaffirmation Agreement with PNC is not in their best interest. For

this reason, approval of the Reaffirmation Agreement is DENIED.

**AND IT IS SO ORDERED.**